RUIZ *v.* EICKERMAN.

*(Circuit Court, E. D. Missouri. January 24, 1881.)*

1. DISCHARGE IN BANKRPUTCY—FOREIGN CREDITOR—DOMESTIC FORUM.
   A discharge in bankruptcy can be pleaded to the suit of a. foreign creditor in the domestic forum.—[ED.

Demurrer to Plea of Discharge.

*Myers & Arnstein,* for demurrer.

*Marshall & Barclay, contra.*

TREAT, D. J. A demurrer is interposed to the answer of Eickerman, who pleads discharge in bankruptcy. The plaintiff is an alien non-resident, insisting upon his demand against the defendant, and that a discharge in bankruptcy under the laws of the United States does not relieve the defendant of plaintiff's demand. The proposition involved pertains to international laws, concerning which there ought to be no discord. If the cases of insolvent laws as among the states of this country, *inter sese,* are considered, the fullest exposition of which is given in *Cook* v. *Moffet,* 5 How. 307, or, as to foreign demands, in *Murray* v. *De Rotterhem,* 6 John. Ch. 52, it will be ascertained that the rule is this: An insolvent law, or bankrupt law, has no extraterritorial force. If the foreign party sues, despite the insolvent or bankrupt discharge, in the law of the forum, he must accept the rules pertaining thereto, with the exception of such modifications as spring from the complex nature of our state and federal governments. As the laws of the federal government in bankruptcy are supreme, a discharge thereunder is sufficient, whether the creditor is a citizen of a state other than that in which the bankrupt is a resident, or is an alien, a resident of a foreign country. Of

course there can be no extraterritorial operation of a United States statute as to the discharge of personal obligation. When the intraterritorial law has granted such a discharge as to all creditors, the foreign creditor suing in the domestic tribunal is subject to the *lex fori,* and his right to sue is dependent thereon. The plaintiff in this suit had a cause of action against the defendant. The plaintiff was a non-resident and citizen of Spain, and as such could have recovered judgment. But defendant availed himself of provisions of the bankrupt act under which the plaintiff could, by proper proceedings, have proved his demand and shared in dividends made. He elected not to do so, and therefore his demand is discharged as to this defendant, so far as the United States law operates; that is, within the territorial limits of the United States. The discharge in bankruptcy is valid, in the absence of fraud, in whatever court of the United States a suit is brought, although it may not protect the defendant from a suit brought in a foreign jurisdiction, if he should be found therein. The demurrer to this special answer of Eickerman is overruled.