### Sherman Hartley Ball v. Robert Cohen

[269 A.2d 27]

No. 155-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed August 14, 1970

*McKee & Clewley,* and *Samuel C. FitzPatrick,* Montpelier, for Plaintiff.

*Free & Bernasçoni,* Barre, for Defendant.

Smith, J. On January 23, 1959, the defendant executed a promissory note in the amount of Eight Thousand Eight Hundred Nineteen Dollars and Eighty-four Cents ($8819.84) payable to the defendant. The note was executed at Morrisburg, Ontario, Canada, and both parties were resident in Canada at the time of the execution. The defendant made payment on said note in the amount of $950.00, the last of which payments was made on March 22, 1960. Between March 20, 1960 and the commencement of the complaint in this action of the note, the defendant was deported from Canada to the United States. He filed bankruptcy proceedings in the United States on or about June 4, 1962, and named the plaintiff as an unsecured creditor therein. The defendant was discharged in bankruptcy on or about June 19, 1962. The plaintiff brought action on the prom-

issory note on or about December 11, 1968, to recover $4119.00, with interest. The case was heard in the Washington County Court on September 23, 1969. Findings of Fact were made by the Court, and a judgment order issued on November 14, 1969 in favor of the plaintiff in the amount of $5938.49. It is from this judgment that the defendant has taken his appeal here.

It is the contention of the defendant that having affirmatively pleaded his discharge in bankruptcy, the judgment below was in error and that the lower court should have granted judgment for the defendant. In support of his contention, the defendant cites the finding of fact that the plaintiff admitted receiving notice of the bankruptcy proceedings while in Ontario, but took no action in regard to the bankruptcy proceedings in Vermont.

It is the contention of the plaintiff that the question presented to this Court is precisely the same question that was presented in the case of *McDougall* v. *Page*, 55 Vt. 187, decided in 1882, hereinafter referred to as *McDougall*. The question presented in *McDougall* for determination was whether a discharge under the then federal bankruptcy act of 1876 operated in the courts of the State of Vermont to bar the enforcement of a debt, provable under said act, but which debt was contracted and payable in Canada by a person now resident in Vermont, to a person resident in Canada. The factual situation in *McDougall* was that the Canadian creditor had no notification of the proceedings in bankruptcy in Vermont and that his claim was not listed in the bankruptcy schedules.

In the instant case, the factual situation varies from that in *McDougall*, for in the case now before us the findings of fact made clear that the Canadian plaintiff received personal notice of the bankruptcy proceedings in Vermont, and was named as an unsecured creditor in such proceedings. Thus, the question presented is not the same.

The opinion in *McDougall*, written by Rowell, J., with two members of the Court, including the Chief Justice, dissenting, held, in essence, that a debt contracted and payable in Canada by a person resident in this State to a person resident in Canada, is not barred by a discharge under the United States Bankruptcy Act, when the foreign creditor neither proved his debt in bankruptcy, though provable under the Act, nor in any

case was a party to the proceedings or had personal notice thereof.

It is interesting to note that even at the time the opinion was written, its holding was contrary to the majority of decisions made on the same question in the majority of other states and at the present time still seems to be unique among the decisions on this subject matter, nor was there any authoritative interpretation of the Act of 1876 by the Unites States Supreme Court at the time that *McDougall* was written. *Morency* v. *Landry*, 79 N.H. 305, 108 A. 855, 857. At that period of time not only the United States, but the various States as well had their own bankruptcy and insolvency acts and the cases cited in *McDougall* are largely from jurisdictions that were passing upon the validity of their own various state statutes.

The present United States Bankruptcy Act, sometimes called the Nelson Act, was first enacted on July 1, 1898, some sixteen years after the decision handed down in *McDougall*. In 1919, in the case of *Marine Harbor Properties, Inc.* v. *Manufacturers Trust Co.*, 317 U.S. 78, 85 L.Ed. 467, 61 S.Ct. 441, it was held that the federal bankruptcy power was paramount and supreme and may be so exercised by Congress as to exclude every competing or conflicting proceeding in state or federal tribunals.

We turn now to the Federal Statutes on Bankruptcy, 11 U.S.C.A. Sec. 1 (11) which states that " 'Creditor' shall include anyone who owns a debt, demand or claim provable in bankruptcy and may include his duly authorized agent, attorney or proxy." In Subsection (15) of the same Section 11, it is provided that " 'Discharge' shall mean the release of a bankrupt from all of his debts which are provable in bankruptcy, except such as are excepted by this title." Such exceptions as stated do not include debts owing to a foreigner from this jurisdiction, nor to debts contracted in a foreign jurisdiction.

The defendant in the case now before us pleaded his discharge in bankruptcy as a defense to the action of the plaintiff.

". . . (T)he decided weight of authority is to the effect that a discharge of a bankrupt under a bankruptcy act of the United States operates as a bar to the maintenance of an action in its courts by a foreign creditor." 9 A.L.R. 127.

The plaintiff in the instant case, unlike the plaintiff in *McDougall*, had personal notice of the proceedings in bankruptcy, and his unsecured claim was listed on the bankruptcy schedules. He was in the same position as any other creditor of the defendant to enter his appearance in the bankruptcy proceedings, and to advance his claim against the defendant. But despite the notice of the bankruptcy proceedings in this state and country, the plaintiff chose to wait until the defendant had received his final discharge in the bankruptcy court, and then attempt to enforce his claim of right in the State that had granted the discharge of the defendant in bankruptcy.

> "If the foreign party sues, despite the insolvent or bankrupt discharge, in the law of the forum, he must accept the rules pertaining thereto . . . . As the laws of the Federal Government in bankruptcy are supreme, a discharge thereunder is sufficient, whether the creditor is a citizen of a state other than that in which the bankrupt is a resident, or is an alien, a resident of a foreign country . . . . The discharge in bankruptcy is valid, in the absence of fraud in whatever Court of the United States a suit is brought . . . ." *Ruiz* v. *Eickerman*, 5 Fed. 790. Also see *Aarega's Case* (N.Y. and D.C.) 30 F. Cas. No. 18 204; *Moore* v. *Horton*, 32 Hun. 292, 292 (N.Y.).

Again we emphasize, that contrary to the factual situation in *McDougall*, the plaintiff here had personal notice of the bankruptcy proceedings in this state, and that his claim against the defendant was properly scheduled in such proceedings. "The view generally followed is that discharge of a bankrupt under the Bankruptcy Act of the United States operates as a bar to the maintenance of an action in its courts by a foreign creditor on a claim which is dischargeable and was properly scheduled." 9 Am.Jur.2nd, Bankruptcy, Sec. 758, P. 566. Also, see *Morency* v. *Landry*, 79 N.H. 305, 108 A. 855, 9 A.L.R. 123.

Although the factual question presented to this Court in *McDougall*, as has been previously pointed out, varies from that here presented, insofar as this decision is contrary to the opinion set forth in that case, it is overruled. To hold that the plaintiff's note was not barred by bankruptcy would give

foreign creditors an unwarranted preference over other creditors of the bankrupt.

*Reversed and judgment entered for the defendant.*